UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO.

2007 NOV -2 A 11: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

JANE DOHERTY & RICHARD DOHERTY,

    Plaintiffs,

vs.

SOUTH SHORE MEDICAL CENTER, PC.
DENNIS B. BAILY D.O.,
LYNDA M. FANN M.D.,
ROBERT C. KASABIAN M.D.,
MICHELE K. MUDGETT, M.D.

    Defendants,

## GENERAL ALLEGATIONS OF BOTH PLAINTIFFS AGAINST ALL DEFENDANTS

1. Plaintiff is Jane Doherty, an individual presently residing in Sun City, Arizona.

2. Plaintiff is Richard Doherty, an individual presently residing in Sun City, Arizona.

3. Defendants to this civil action are listed below with their current professional addresses:

Dennis B. Baily, D.O.
75 Washington Street
Norwell, MA 02061

Lynda M. Fann, M.D.
75 Washington Street
Norwell, MA 02061

Robert C. Kasabian, M.D.
So Shore Medical Clinic
75 Washington Street
Norwell, MA 02061

Michele K. Mudgett, M.D.

South Shore Medical Ctr
75 Washington Street
Norwell, MA 02061

South Shore Medical Center, PC.
75 Washington St
Norwell, MA 02061-1795

4. Plaintiff Jane Doherty, a resident of Arizona, had a medical condition known as interstitial pulmonary fibrosis when she was examined or treated by each of the Defendants.

### THREE JURISDICTIONAL ALLEGATIONS

4.1  Plaintiffs Jane Doherty and Richard Doherty are domiciled at present in Arizona.

4.2  Plaintiff Jane Doherty examination and treatment by each Defendant took place in Norwell Massachusetts

4.3  Jurisdiction is conferred on this Court via diversity of jurisdiction pursuant to 28 U.S.C. §1332.

5. It was not until May 26, 2006 that Defendant Robert C. Kasabian, M.D. referred Plaintiff Jane Doherty to a pulmonologist.

6. Approximately 6 years before Dr. Kasabian's referral Plaintiff Jane Doherty had an abnormal chest x-ray.

7. It was in 2000 and 2001 that x-rays taken at South Shore Hospital showed chronic interstitial pulmonary fibrosis in Plaintiff Jane Doherty.

8. The tissue between the air sacs of the lungs is called the interstitium.

9. Interstitial lung disease is named after this tissue because this is the tissue affected by fibrosis.

10. Interstitial lung disease is sometimes also known as "interstitial pulmonary fibrosis."

11. The terms interstitial lung disease, pulmonary fibrosis and interstitial pulmonary fibrosis are used in this Complaint to describe the same condition.

12. Mrs. Doherty's fibrosis, or scarring of the lung tissue, has resulted in permanent loss of tissue ability to transport oxygen.

13. The level of scarring of Mrs. Doherty's lung tissue has progressed while Defendants failed to diagnose and treat because the air sacs, as well as the lung tissue between and surrounding the air sacs, and the lung capillaries, have been destroyed by the formation of scar tissue.

14. The negligence of each Defendant has caused Mrs. Doherty to be deprived of oxygen by the progression of pulmonary fibrosis so that she is in need of lung transplantation, and has also adversely effected Mrs. Doherty's immune system.

15. Had any of defendants communicated the 2000 and 2001 x-ray interpretations and findings to Plaintiff Jane Doherty, referred Plaintiff Jane Doherty to a pulmonologist or treated Mrs. Doherty or caused her to be treated with steroid therapy or in medically accepted ways to combat her condition of chronic interstitial pulmonary fibrosis, damage to Mrs. Doherty and her lungs would have been arrested or minimized.

16. The negligence of each Defendant has caused Plaintiff Jane Doherty sickness, illness, progression of her disease, shortened her life span, caused her and her husband extreme mental anguish, bills for medical care and attendance and loss of earning capacity along with pain and suffering.

17. Richard Doherty is the husband of Plaintiff Jane Doherty and brings an action in his own behalf for loss of his wife's consortium caused by negligence of each Defendant.

18. All Defendants held themselves out to Plaintiff as medically competent to treat Mrs. Doherty, but each was negligent in breaching the standard of care required of the average practicing doctor or medical facility and caused Plaintiffs damages as a result.

19. Defendant doctor Dennis B. Baily is a Doctor of Osteopathy, holding himself out to the public and Plaintiffs as a Primary Care Physician or general practitioner at Defendant South Shore Medical Center.

## COUNT I

### PLAINTIFFS VS. DR. BAILY

20. Both Plaintiffs join in this Count, seek damages for medical negligence and reallege all paragraphs within General Allegations Section of this Complaint in same manner and fashion as if separately set out in this the First Count of Plaintiffs' Complaint.

21. A doctor-patient relationship existed between Defendant Dennis B. Baily, D.O. and Plaintiff Jane Doherty and this Defendant was causally negligent in failing to diagnose his patient's condition, in failing to treat a progressive and chronic disease in his patient and in failing to refer this patient to a specialist who possessed the requisite skill to adequately treat and arrest this invasive lung disease.

22. Medical documentation showed, as did patient symptoms, at the time of Defendant Dennis B. Baily, M.D.'s treatment of Plaintiff Jane Doherty that this patient was

experiencing a fibrotic condition in her lung that was posing grave danger to the patient and this physician breached his duty to his patient in failing to take corrective action to remedy or reduce the medical risks that the patient was confronting and Mrs. Doherty was damaged as a result thereof.

23. From 2001 through 2003 Mrs. Doherty was examined and treated by Dr. Baily, neither she nor her husband were informed by Dr. Baily or anyone else during this period of time of the grave danger besetting Mrs. Doherty with regard to her pulmonary condition.

24. Chapter 260: Section 4 - Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.

25. Applicable to each Plaintiff is the fact that an action accrued only "when the plaintiff learned, or reasonably should have learned, that he had been harmed by the defendant's conduct." Franklin v. Albert, 381 Mass. 611 at 619, 411 N.E.2d 458 (1980).. at 619.

26. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant Dennis B. Baily, D.O. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

27. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant Dennis B. Baily, D.O. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

## COUNT II

## PLAINTIFFS VS. DR. FANN

28. Both Plaintiffs join in this Count, seek damages for medical negligence and reallege all paragraphs within General Allegations Section of this Complaint in same manner and fashion as if separately set out in this the Second Count of Plaintiffs' Complaint.

29. Defendant Lynda M. Fann, M.D. on June 17, 2005 negligently failed to treat or refer to competent specialist Mrs. Doherty although her patient was experiencing persistent coughing.

30. A doctor-patient relationship existed between Defendant Lynda M. Fann, M.D. and Plaintiff Jane Doherty and this Defendant was causally negligent in failing to diagnose her patient's condition, in failing to treat a progressive and chronic disease in her patient and in failing to refer this patient to a specialist who possessed the requisite skill to adequately treat and arrest this invasive lung disease of interstitial pulmonary fibrosis.

31. Medical documentation showed, as did patient symptoms, at the time of Defendant's treatment of Plaintiff Jane Doherty that this patient was experiencing a fibrotic condition in her lung that was posing grave danger to the patient and this physician breached her duty to her patient in failing to take corrective action to remedy or reduce the medical risks that the patient was confronting and Mrs. Doherty was damaged as a result thereof.

32. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant Lynda M. Fann, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

33. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant Lynda M. Fann, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

## COUNT III

## PLAINTIFFS VS. DR. MUDGETT

34. Both Plaintiffs join in this Count, seek damages for medical negligence and reallege all paragraphs within General Allegations Section of this Complaint in same manner and fashion as if separately set out in this the Third Count of Plaintiffs' Complaint.

35. Defendant Michele K. Mudgett, M.D. on April 24, 2006 negligently failed to treat or refer to competent specialist Mrs. Doherty although her patient was experiencing dyspnea (shortness of breath) on exertion.

36. A doctor-patient relationship existed between Defendant Michele K. Mudgett, M.D. and Plaintiff Jane Doherty; this Defendant was causally negligent in failing to diagnose her patient's condition of expanding scar tissue destroying the patient's ability to adequately inhale oxygen, in failing to treat a progressive and chronic disease in her patient and in failing to refer this patient to a specialist who possessed the requisite skill to adequately treat and arrest this invasive lung disease of interstitial pulmonary fibrosis.

37. Medical documentation showed, as did patient symptoms, at the time of Defendant's treatment of Plaintiff Jane Doherty that this patient was experiencing a fibrotic condition in her lung that was posing grave danger to the patient and this physician breached her duty of care to her patient in failing to take corrective medical action to remedy or reduce the medical risks that the patient was confronting and Mrs. Doherty was damaged as a result thereof.

38. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant Michele K. Mudgett, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

39. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant Michele K. Mudgett, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

## COUNT IV

### PLAINTIFFS VS. DR. KASABIAN

40. Both Plaintiffs join in this Count, seek damages for medical negligence and reallege all paragraphs within General Allegations Section of this Complaint in same manner and fashion as if separately set out in this the Fourth Count of Plaintiffs' Complaint.

41. Defendant Robert C. Kasabian, M.D. on April 19, 2004 conducted a complete physical examination of Mrs. Doherty and negligently failed to treat or refer to competent specialist Mrs. Doherty for her progressing lung scarring.

42. For negligence of Defendant Robert C. Kasabian outside of 3 years before the commencement of this action Plaintiffs claim entitlement under Franklin doctrine more completely detailed in Count 1.

43. Thereafter through 2005 Robert C. Kasabian, M.D. saw in his patient symptoms that indicated a worsening lung disease, had history and x-rays findings that would confirm the malady but negligently breached his duty to his patient by deviating from the required standard of care in taking no steps to assist this patient with her pulmonary fibrosis.

44. A doctor-patient relationship existed between Defendant Robert C. Kasabian, M.D. and Plaintiff Jane Doherty; this Defendant was causally negligent in failing to diagnose his patient's condition of expanding scar tissue destroying the patient's ability to adequately inhale oxygen, in failing to treat a progressive and chronic disease in his patient and in failing to refer this patient to a specialist who possessed the requisite skill to adequately treat and arrest this invasive lung disease of interstitial pulmonary fibrosis.

45. Medical documentation showed, as did patient symptoms, at the time of Defendant's treatment of Plaintiff Jane Doherty that this patient was experiencing a fibrotic condition in her lung that was posing grave danger to the patient and this physician breached his duty of care to his patient in failing to take corrective medical action to remedy or reduce the medical risks that the patient was confronting and Mrs. Doherty was damaged as a result thereof.

46. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant Robert C. Kasabian, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

47. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant Robert C. Kasabian, M.D. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

## COUNT V

### PLAINTIFFS VS. SOUTH SHORE MEDICAL CENTER
### (IN TORT)

48. Both Plaintiffs join in this Count, seek damages for medical negligence and reallege all paragraphs within General Allegations Section of this Complaint in same manner and fashion as if separately set out in this the Fifth Count of Plaintiffs' Complaint.

49. Plaintiffs say that Defendant South Shore Medical Center, PC. is a duly organized corporation having a usual place of business at 75 Washington St, Norwell, Plymouth County, Massachusetts.

50. Defendant South Shore Medical Center, PC employs or has an employment relationship with each of the personal Defendants to this lawsuit, along with others at its facility in Norwell, including Cecil A. Hodges, NP and Gregory J. Smith, M.D., so as to impose on Defendant South Shore Medical Center, PC a legal liability for negligence and breach of contract of those persons under legal doctrine of respondeat superior as to the actions of those persons to Plaintiffs at all times here material.

51. As to any claims of this Defendant that medical doctors are independent contractors at its facility or that it is otherwise not liable for those identified in previous paragraph, Plaintiffs claim liability under *Dias v. Brigham Medical Associates, Inc.*, 438 Mass. 317 (2002) (No. SJC-08739) where it was held plaintiffs need only establish that (1) at the time of the alleged negligence the doctor was an employee of BMA, and (2) the alleged negligent treatment of the plaintiff occurred within the scope of the doctor's employment by BMA.

52. In addition to liability under respondeat superior and *Dias v. Brigham Medical Associates, Inc.*, 438 Mass. 317 (2002) (No. SJC-08739), Plaintiffs claim Defendant South Shore Medical Center, PC liable to them for failure to instruct, develop programs, procedures or protocols for circumstances under which those practicing at its facilities are required to make referrals to pulmonary specialists for lung diseases or disorders, including when a patient's records, signs or symptoms are demonstrative of interstitial pulmonary fibrosis.

53. This failure of Defendant South Shore, along with its failure to adequately inspect the credentials and abilities of its medical doctors and support staff to adequately treat or refer patients inflicted with pulmonary fibrosis posed dangers to the public which required Defendant South Shore to refuse to allow its personnel to treat patients experiencing lung disease or disorder and further requiring this Defendant to post signage and other wise display and disseminate information to the patients it was accepting at its facility that such lung disease detection deficiencies existed by its staff, doctors or at its place of patient treatment.

54. Defendant South Shore breached its duty of providing reasonably safe and effective medical care to the public in general and plaintiffs in particular under the paragraphs set out here in Count Five.

55. Defendant South Shore assumed the duty to provide reasonable medical care to Plaintiffs by nature of the facility it operated and in fashion it held itself out to public and Plaintiffs.

56. This duty breach of Defendant South Shore caused damage to each Plaintiff.

57. Adopted in this Fifth Count are all the allegations contained in General Allegations Section of this Complaint.

58. Defendant South Shore is responsible to Plaintiffs for downward departures in standard of care required for all persons generally or specifically identified in this Count in their failure to assist Mrs. Doherty with her lung condition and also for its negligence as an entity in failing to promulgate safe measures to treat people at its medical facility in fashions set out in this Count, all of which proximately caused damage to Mrs. Doherty which in turn caused consortium loss and damages for Mr. Doherty.

59. Plaintiffs in this Fifth Count seek damages in tort.

60. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant South Shore Medical Center, PC. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

61. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant South Shore Medical Center, PC. in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

62. Plaintiff realleges all paragraphs, but the last in Count V of this Complaint, in the same manner and fashion as if separately set out in Count IV.

## COUNT IV

## PLAINTIFFS VS. SOUTH SHORE MEDICAL CENTER (IN CONTRACT)

63. Defendant operated in a commercial sense in accepting fees for medical services to be rendered and breach that contract to Mrs. Doherty in violation of covenant of good faith in fair dealing from its failure to have Mrs. Doherty treated in a fair or proper fashion for her progressively dehabilitating fibrotic condition in her lungs.

64. Plaintiffs, in this Sixth Count, seek damages for contract breach.

65. In this Count Plaintiffs demand judgment against Defendant South Shore for Mrs. Doherty for all of her damages, including pain and suffering, loss of joys of life, shortened life span, loss of chance for medical improvement, bills for medical care and attendance, future scarring to her person, loss of earning capacity and for Mr. Doherty his consortium damages.

66. Wherefore Plaintiff Jane Doherty demands damages and judgment against Defendant in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

67. Wherefore Plaintiff Richard Doherty demands damages and judgment against Defendant in a sum of money as to the Court or Jury deems meet and just together with costs and interest.

_____
Albert E. Grady, BBO 206020
Office of Albert E. Grady
226 Montello Street
Brockton, MA 02301
(508) 583-8562

October 25, 2007